**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi, Jiandeshi Chutiange Maoyiyouxian Gongsi, Jiandeshi Yaowei Maoyiyouxian Gongsi.**<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>**North Star Home LLC**<br><br>        **Defendant.** | **Case No. 1:26-cv-7157**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**AND DEMAND FOR A JURY TRIAL.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi d/b/a Warm Soft Home , Jiandeshi Chutiange Maoyiyouxian Gongsi d/b/a Chutiange, and Jiandeshi Yaowei Maoyiyouxian Gongsi d/b/a Jiande Yaowei Trading Co., Ltd. (Collectively, "Plaintiffs"), by and through their undersigned counsels, bring this action against Defendant North Star Home LLC ("Defendant") for declaratory judgment that the disputed claims of U.S. Patent No. 12,219,672 B2 (the "'672 Patent"), purportedly owned by Defendant and identified more specifically in paragraphs 1-36 below, are invalid and/or not infringed by the manufacture, use, sale, offer for sale or importation of Plaintiffs' products, and in support thereof allege the following:

## NATURE OF THE ACTION

1.     This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs request the relief because Defendant previously initiated a patent infringement action in this District, *North*

*Star Home LLC v. Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi et al.*, No. 1:25-cv-12800 (N.D. Ill. Oct. 20, 2025), accusing Plaintiffs' Amazon storefronts "Warm Soft Home" (Seller ID: A1MZKRNBY8YX50), "Chutiange" (Seller ID: A39JUKJC00HPT), and "Jiande Yaowei Trading Co., Ltd." (Seller ID: A3MD8YD0U48THZ) of infringing United States Patent No. 12,219,672 B2 (the "'672 Patent") by making, using, selling, offering for sale, and/or importing the electric-blanket products identified in Defendant's previously filed exhibit of accused listings (the "Accused Products"). A true and correct copy of that exhibit is attached hereto as Exhibit A. Defendant subsequently voluntarily dismissed the prior action without providing Plaintiffs with any assurance that it would not reassert the same allegations. Defendant's assertions and conduct have introduced significant uncertainty into, and disrupted, Plaintiffs' business operations and have placed Plaintiffs under a continuing and imminent risk of additional litigation. Accordingly, a substantial and justiciable controversy exists between the parties that warrants resolution through this declaratory judgment action.

## **PARTIES**

2. Plaintiff Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi d/b/a/ Warm Soft Home is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside of this country.

3. Plaintiff Jiandeshi Chutiange Maoyiyouxian Gongsi d/b/a Chutiange is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

4. Plaintiff Jiandeshi Yaowei Maoyiyouxian Gongsi d/b/a Jiande Yaowei Trading Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

5. On information and belief, Defendant North Star Home LLC is an Illinois limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 1590 S. Milwaukee Ave., Suite 215, Libertyville, Illinois 60048. This address is the one listed in the USPTO Assignment Center.

6. On information and belief, Defendant is the assignee of the '672 Patent and, as such, is the owner of all rights, title, and interest in and to the '672 Patent, as reflected in the records of the United States Patent and Trademark Office.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, ad under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Defendant. Defendant is registered to do business in the State of Illinois, has its headquarters in the State of Illinois, and has offices in this District. Defendant, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of Illinois.

9. Venue is proper in this District under 28 U.S.C. § 1391. Defendant has a regular and established place of business in this District—specifically, offices and employees located at 1590 S. Milwaukee Ave., Suite 215, Libertyville, Illinois 60084.

10. An immediate, real, and justiciable controversy exists between Plaintiffs and Defendant as to whether Plaintiffs are infringing or have infringed the '672 Patent.

## THE '672 PATENT

11. A patent application entitled "Safe heating circuit and electric blanket provided with safe heating circuit," with Application No. 17/518,185, was filed on November 3, 2021, and ultimately issued as the '672 Patent on February 4, 2025. The '672 Patent claims a foreign priority date of August 18, 2021. The '672 Patent identifies Min Zhou as the sole inventor. A true and correct copy of the '672 Patent is attached hereto as Exhibit B. An exemplary figure from the '672 Patent is shown below.



12. The USPTO Assignment Database reflects that Min Zhou executed an assignment of the '672 Patent to Ningbo Owfine Home Textiles Design Co., Ltd. on August 30, 2024, which was recorded on the same day at Reel/Frame 68453/0371. Ningbo Owfine Home Textiles Design Co., Ltd. subsequently executed an assignment of the '672 Patent to Defendant on August 30, 2024, which was recorded on September 3, 2024 at Reel/Frame 68464/0659.

13.     Independent claim 1 of the '672 Patent is directed to a safe heating circuit that includes a PTC heating element, a first switching element in the ground loop of the PTC heating element, an NTC element, a sensing element configured to receive the leakage current from the PTC heating element transmitted through the NTC element, first and second voltage acquisition circuits configured to sample, respectively, a first temperature voltage based on the ground current of the PTC heating element and a second temperature voltage based on the leakage current, and a controller configured to compare the sampled temperature voltages to a set temperature voltage and output an on-off control signal based on the comparison result to control the first switching element.

14.     Claim 2-15 are dependent claims of claim 1, which further define the safe heating circuit by specifying the form of the first switching element, detailing the first and second voltage acquisition circuits, and adding a level adjusting circuit and a display circuit. They also recite a third voltage acquisition circuit for detecting an open-circuit voltage used by the controller to determine fault states, a fuse protection circuit and a sensing element detection circuit for additional fault handling, and a power supply circuit, together with a power supply voltage detection circuit and a zero-crossing detection circuit for supplying and regulating the circuit's operating power.

15.     Independent claim 16 is directed to an electric blanket that includes a blanket body and a safe heating circuit having the same structural elements recited in claim 1.

16.     Claim 17 is the dependent claim of Claim 16, which further specifies the physical arrangement of the PTC heating element, the NTC element, and the sensing element.

## BACKGROUND

17. On October 20, 2025, Defendant initiated a patent infringement action, *North Star Home LLC v. Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi et al.*, No. 1:25-cv-12800 (N.D. Ill. Oct. 20, 2025), in this District against Plaintiffs. Defendant alleged that the Accused Products sold through Plaintiffs' Amazon storefronts—Warm Soft Home (formerly identified as HomemateHero), Chutiange, and Jiande Yaowei Trading Co., Ltd.—infringed the '672 Patent. Specifically, Defendant asserted that Plaintiffs advertised, offered for sale, and sold the Accused Products through these storefronts under various ASINs, and alleged that the Accused Products embodied the heating-circuit technology recited in claims 1, 2, 4, 5, 6, 13, 16, and 17 of the '672 Patent.

18. Defendant sought injunctive relief, damages, and order directing online marketplaces, payment processors, web hosts, and Internet search engines to disable Plaintiffs' listings for the Accused Products and to suspend related services.

19. Also on October 20, 2025, Defendant filed an ex parte motion for a temporary restraining order, including a temporary injunction and expedited discovery. Defendant requested this Court to order the temporary removal of Plaintiffs' accused listings from online marketplaces, the suspension of fulfillment of unshipped orders, and expedited discovery into Plaintiffs' financial and account information. These requested measures, if granted, would have immediately disrupted Plaintiffs' business operations.

20. On November 20, 2025, Defendant filed a notice of voluntary dismissal. On November 21, 2025, this Court dismissed the action without prejudice and struck Defendant's pending motion for a temporary restraining order as moot.

21. Defendant's voluntary dismissal did not withdraw or disclaim the infringement allegations asserted in its complaint or its motion for a temporary restraining order. Defendant has

not provided Plaintiffs with any assurance that it will not reassert the same or similar allegations in the future.

22.     Defendant's prior litigation conduct has created ongoing uncertainty regarding Plaintiffs' ability to continue selling the Accused Products without risk of renewed litigation. As a result, Plaintiffs' business operations, inventory planning, and marketplace relationships remain subject to imminent disruption.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '672 Patent)

23.     Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-22 above as if fully set forth herein.

24.     Plaintiffs do not and have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '672 Patent.

25.     For purposes of this Complaint, independent claim 1 of the '672 Patent is reproduced below as a representative claim:

> 1.  A safe heating circuit, comprising:
>
> (a) a PTC electric heating element, generating heat when being electrified;
>
> (b) a first switching element, coupled into a ground loop of the PTC electric heating element and configured to switch on or off a power loop of the PTC electric heating element based on an on-off control signal;
>
> (c) a first voltage acquisition circuit, configured to sample a first temperature voltage based on a ground current of the PTC electric heating element;
>
> (d) an NTC element, disposed between the PTC electric heating element and a sensing element;
>
> (e) the sensing element, configured to receive a leakage current from the PTC electric heating element transmitted by the NTC element;
>
> (f) a second voltage acquisition circuit, configured to sample a second temperature voltage based on the leakage current; and

(g) a controller, configured to compare the first temperature voltage or the second temperature voltage to a set temperature voltage and output the on-off control signal based on a comparison result.

26. The Accused Products do not directly or indirectly infringe independent claim 1 of the '672 Patent, or any claims that depend from it, because the Accused Products lack one or more required claimed limitations, either literally or under the doctrine of equivalents. Representative claim elements missing from the Accused Products include, but are not limited to, at least one of the following:

| Claim Feature | Example Limitation Not Present in the Accused Products |
|---|---|
| [1.b] | The Accused Products do not include "a first switching element coupled into a ground loop of the PTC electric heating element and configured to switch on or off a power loop of the PTC electric heating element based on an on-off control signal." |
| [1.g] | The Accused Products do not include "a controller configured to compare the first temperature voltage or the second temperature voltage to a set temperature voltage and output the on-off control signal based on a comparison result." |

27. By using, selling, offering to sell, and/or importing the Accused Products into the United States, Plaintiffs do not infringe, literally or under the doctrine of equivalents, any claim of the '672 Patent.

28. There is an actual, substantial, immediate, and justiciable controversy between Plaintiffs and Defendant regarding whether the Accused Products or Plaintiffs infringed any claim of the '672 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '672 Patent.

29. Plaintiffs are entitled to a declaratory judgment that neither Plaintiffs nor the Accused Products infringed, literally or under the doctrine of equivalents, any claim of the '672 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of the '672 Patent)

30.     Plaintiffs repeat and incorporate by reference the allegations of paragraph 1-29 above as if fully set forth herein.

31.     The asserted claims of the '672 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 because each and every element of those claims was publicly disclosed in one or more references prior to the earliest priority date of the '672 Patent.

32.     Without limiting the grounds of invalidity that will be asserted in this action, the Amazon listing for the Sunbeam Electric Royal Luxe Microplush Reverse Sherpa Heated Blanket (the "Sunbeam Prior Art") attached as Exhibit C, U.S. Patent Application Publication No. 2007/0221645 A1 (the "Castracane Prior Art") attached as Exhibit D, the CN101592962B Patent (the "Shen Prior Art") attached as Exhibit E, and U.S. Patent No. 9,519,017 B2 (the "Kohn Prior Art") attached as Exhibit F, when considered individually or in combination, anticipate or render obvious multiple limitations of the claims of the '672 Patent, including at least claims 1-7, 11, and 13-17.

33.     A person of ordinary skill in the art would have recognized that the Sunbeam Prior Art, the Castracane Prior Art, the Shen Prior Art, and the Kohn Prior Art each teach aspects of safe heating circuits for electric blankets and would have been motivated to combine or consult these references. When considered individually or collectively, these references disclose the subject matter of the asserted claims of the '672 Patent or render those claims obvious to a person of ordinary skill in the art.

34.     There is an actual, substantial, immediate, and justiciable controversy between Plaintiffs and Defendant regarding the invalidity of the asserted claims of the '672 Patent. A

judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '672 Patent.

35. Plaintiffs are entitled to a declaratory judgment that the asserted claims of the '672 Patent are invalid.

36. Plaintiffs reserve the right to assert additional ground of invalidity after conducting discovery and after the Court has construed the claims.

## RESERVATION OF RIGHTS

Plaintiffs hereby reserve their rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A) A Judgment declaring that Plaintiffs have not infringed and are not infringing, either directly or indirectly, any claim of the '672 Patent;

(B) A Judgment declaring that the asserted claims of the '672 Patent are invalid;

(C) Preliminary and permanent injunctions enjoining Defendant and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from alleging, representing, or otherwise stating that Plaintiffs (including their affiliates) infringe any claims of the '672 Patent and from instituting or initiating any action or proceeding alleging infringement of any claims of the '672 Patent against Plaintiffs (including their affiliates) or any of their customers;

(D) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in this action; and

(E) Such further and other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 18, 2026

Respectfully submitted,

By: */s/ Shaoyi Che*
Shaoyi Che (Texas Bar No. 24139843)
Tianqin Zhao (D.C. Bar No. 90027862)
YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382
zhao@yzlaw.com
che@yzlaw.com
**ATTORNEYS FOR PLAINTIFFS**